Herbert, J.,
dissenting. The problem presented here may be stated in this language:
Did the trial court commit prejudicial error when it required Mrs. Antill to testify against her husband, notwithstanding the provisions of Section 2945.42, Revised Code, that “husband and wife are competent witnesses to testify * * * against each other in all actions, prosecutions, and proceedings for personal injury of either by the other”?
The indictment does not charge that appellant inflicted any personal injury or bodily harm upon his wife. It charges him with an “assault” upon his wife. An assault does not include physical contact. It is more in the nature of a threat, express or implied, to do bodily harm to another.
The Grand Jury had before it the evidence and testimony of all the witnesses. The evidence presented to a Grand Jury is secret. This court does not have the evidence before it that was presented to the Grand Jury. Neither in fact nor in law can this court substitute its judgment for that of the Grand Jury in the matter of inquiry of offenses committed within Monroe County.
Had the Grand Jury decided that the evidence warranted a charge that the appellant did personal injury to his wife, it could have done so. The Revised Code defines numerous offenses wherein physical injury is inflicted by one person on another, such as assault and battery (Section 2901.25); cutting or stabbing another (Section 2901.23); and maiming, cutting, biting, etc. (Section 2901.19). Had the Grand Jury determined that appellant had inflicted personal injury upon his wife, appropriate statutes were at its disposal upon which to present an indictment.
*72 The Grand Jury, under the obligation of its oath, was required to “inquire of and present all offenses committed within the county” (Section 2939.08, Revised Code).
The Grand Jury charged appellant with an “assault,” but not with any offense involving the infliction of personal injury.
The indictment was returned under the provisions of Section 2901.241, Revised Code, which reads in part as follows:
“No person shall assault another with a dangerous weapon or instrument or by other means or force likely to produce death or great bodily harm.” (Emphasis added.)
The gravamen of the offense under this statute is “an assault.” An assault does not include a battery or the imposition of personal injury upon another.
An assault with a dangerous weapon requires the presence of the ability to use the weapon — not its actual use. The commission of a battery follows the assault and necessitates the actual physical contact. An assault is an attempt to make physical contact with another and against his will.
4 American Jurisprudence, 144 and 145, Section 33, states the principle in this language:
“As a general rule, to constitute the crime of an assault with a deadly or dangerous weapon, there must be an unlawful attempt with a weapon, deadly or dangerous as a matter of law, or capable of being used in a deadly or dangerous manner, to inflict bodily injury, coupled with the present actual ability to do so.”
The indictment here does not allege any physical contact by the appellant with his wife or the infliction of any personal injury upon her. It charges the appellant with an assault only. The statute under which the indictment was drawn requires no more.
Under the common law, neither husband nor wife is a competent witness to testify against the other. The reason back of the common-law rule was reverence for the home. The rule tends to encourage confidence between husband and wife and lends greater security to the home. That doctrine is still recognized, but, as society became more complex, exceptions to it have been made by statute. However, a statute which is in derogation of the common law must be strictly construed.
*73 This limitation applies to Section 2945.42, Revised Code {supra).
The trial upon the indictment here was an “action,” a “prosecution” or a “proceeding.”
The prosecution here was not founded upon any personal injury inflicted upon Mrs. Antill but upon the threat to do so.
The indictment here is a presentment that appellant committed an assault — and only an assault — upon his wife, — not a battery. Proof of personal injury was not required for conviction in the case at bar. She, in substance, testified that it was accidental and was caused in part by her own action.
An examination of Whipp v. State, 34 Ohio St., 87, discloses substantial authority for the proposition that the wife in the instant case was not competent to testify against her husband. The indictment in the Whipp case, omitting formalities, read as follows:
“And in the name and by the authority of the state of Ohio, do find and present that Lonsdale P. Spensley, Rachel W. Whipp and Alfred Taylor, late of the county of Medina, aforesaid, on the 15th day of September in the year of our Lord one thousand eight hundred and seventy-seven at said county of Medina in and upon the body of Robert Whipp then and there being, unlawfully and feloniously did make an assault, and him the said Robert Whipp then and there did beat, wound, and ill-treat, with intent him the said Robert Whipp then and there, feloniously, wilfully and of their malice aforethought to kill, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Ohio. ’ ’ (Emphasis added.)
That indictment charged both an assault and battery {i. e., a physical injury to) upon the husband of Rachel Whipp. His wife participated in the crime. The husband was willing to testify against her and did so. The court ruled that he was a competent witness. The court, at page 91, speaks as follows:
“We are of the opinion that the exception stated prevails where either the husband or wife is on trial for a personal injury inflicted on the other, and that the party injured is a competent witness against the other.”
At page 90, the court quotes with approval the following from another authority:
*74 “A wife can not be examined as a witness for or against ber husband, or a husband as a witness for or against his wife, except in case of a personal injury committed by the one upon the other, in which case, from necessity, the one may be a witness against the other.”
And quoting further from another authority, the court speaks as follows:
“I conceive it to be now settled, that in all cases of personal injuries committed by the husband or wife against each other, the injured party is an admissible witness against the other.”
The prosecution is in complete agreement with this principle and in its brief has the following to say, at page 88:
“We admit, that, as a general rule, a husband or wife cannot testify in a criminal case for or against each other, but we claim that there is an exception to the rule when the criminal offense consists of personal violence by the husband or wife, the one against the other. In such case, the husband or wife is competent to testify.”
In the case at bar, the trial was a prosecution under an indictment that charges solely and only an assault — it does not charge an injury being done to the wife. Consequently, when the action, prosecution or proceeding is not occasioned by reason of personal injury done by either upon the other, neither the husband nor wife is competent to testify against the other. Section 2945.42, Revised Code.
Brown, J., concurs in the foregoing dissenting opinion.